

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00237-CR

IN RE R. WAYNE JOHNSON, RELATOR

ORIGINAL PROCEEDING

August 25, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Relator R. Wayne Johnson, a prison inmate appearing *pro se,* filed a petition asking the court to issue a writ of mandamus against respondent the Honorable Ana Estevez, judge of the 251st District Court of Potter County. Overall, the petition does not meet the requirements of appellate rule 52.3, lacks a proper record, and contains no indication of service on Judge Estevez and the apparently-intended real party in interest, the Texas Department of Criminal Justice. *See* TEX. R. APP. P. 52.3 (form and contents of petition), 52.7 (record), 9.5 (service requirement and procedure).

Johnson's complaint seems to be that Judge Estevez will not appoint counsel to represent him in "future TDCJ tribunal cases,"[1] which, he asserts, constitutes "a criminal law matter." Elsewhere he requests appointment of counsel for representation in this original proceeding. Otherwise, the substance of Johnson's mandamus issue is unclear.

This court and other Texas courts have reminded Johnson of the formal requirements for a petition in an original proceeding. *See In re Johnson,* No. 07-14-00426-CV, 2015 Tex. App. LEXIS 729, at *1-2 (Tex. App.—Amarillo Jan. 27, 2015, orig. proceeding) (mem. op.) (citing *In re Johnson,* No. 07-13-00424-CV, 2014 Tex. App. LEXIS 3511 (Tex. App.—Amarillo Mar. 31, 2014, orig. proceeding) (mem. op.); *In re Johnson,* No. 06-13-00137-CV, 2014 Tex. App. LEXIS 52 (Tex. App.—Texarkana Jan. 7, 2014, orig. proceeding) (mem. op.)). In particular, he has often been reminded it is the relator's burden to provide with the mandamus petition a record sufficient to establish his right to mandamus relief. *In re Johnson*, 2014 Tex. App. LEXIS 52 at *1; *see Walker v. Packer*, 827 S.W.2d 883, 839-40 (Tex. 1992) (orig. proceeding). Johnson's failure to comply even in the slightest degree with the record requirement, alone, requires denial of his petition.

---

[1] Johnson's objective may be to challenge by habeas corpus, at some future time, his asserted loss of prisoner good conduct time. *See In re Johnson,* No. 07-15-00195-CR, 2015 Tex. App. LEXIS 5569 (Tex. App.—Amarillo June 2, 2015, orig. proceeding) (per curiam, mem. op., not designated for publication); *In re Johnson,* No. 07-15-00183-CR, 2015 Tex. App. LEXIS 4525 (Tex. App.—Amarillo Apr. 30, 2015, orig. proceeding) (per curiam, mem. op., not designated for publication); *cf. In re Johnson,* No. 10-15-00156-CV, 2015 Tex. App. LEXIS 6243 (Tex. App.—Waco June 18, 2015, orig. proceeding) (mem. op.) (concerning authorization of the Texas Department of Criminal Justice to forfeit Johnson's accrued good-time behavior, according to Texas Government Code section 498.0045(b), for filing a frivolous appeal and frivolous mandamus petition in the court of appeals).

Johnson's request for appointed counsel in this original proceeding is denied. His petition for writ of mandamus is denied.

Per Curiam

Do not publish.